**Filed**          18-CI-006479   11/08/2018          David L. Nicholson, Jefferson Circuit Clerk

CASE NO. _____          **JEFFERSON CIRCUIT COURT**
                                    **DIVISION** _____
                                    **HON. JUDGE** _____

*Filed Electronically*

MARY J. MCCOY                                              PLAINTIFF
1797 Wilson Avenue
Louisville, KY 40210

v.

CAMBRIDGE FRANCHISE HOLDINGS, LLC                          DEFENDANTS
8010 Stage Hills Boulevard
Bartlett, TN 38133-4032

      SERVE:      The Corporation Trust Company
                     Corporation Trust Center 1209 Orange Street
                     Wilmington, DE 19801
                     Registered Agent for Service of Process

and

NASHVILLE QUALITY, LLC
8010 Stage Hills Boulevard
Bartlett, TN 38133

      SERVE:      The Corporation Trust Company
                     Corporation Trust Center 1209 Orange Street
                     Wilmington, DE 19801
                     Registered Agent for Service of Process

## VERIFIED COMPLAINT

Plaintiff, Mary J. McCoy, for her Verified Complaint against Defendants, Cambridge

Franchise Holdings, LLC and Nashville Quality, LLC, states as follows:

### Nature of the Action

1.     This is an action brought by the Plaintiff seeking damages and equitable relief

from the Court arising from the following statutory violations and unlawful acts of the

Defendants, including the following: (1) requiring Plaintiff to work without a rest period of at

*Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)*

*COM : 000001 of 000010*

**EXHIBIT**

A

least ten minutes during each four hours worked in violation of KRS 337.365; (2) terminating

Plaintiff, after she made a complaint under KRS 337, in violation of KRS 337.990 and pursuant

to KRS 446.070; (3) engaging in disability discrimination in violation of 42 U.S.C. § 12112 and

the Kentucky Civil Rights Act (hereinafter, "KRS 344") by denying Plaintiff a reasonable

accommodation; and (4) engaging in retaliation in violation of 42 U.S.C. § 12203 and KRS 344

because Plaintiff requested a reasonable accommodation.

### Parties

2.      Plaintiff, Mary J. McCoy ("McCoy" or "Plaintiff"), is a resident of Louisville,

Jefferson County, Kentucky.

3.      Defendant Cambridge Franchise Holdings, LLC ("Cambridge" or "Defendant") is

a Delaware limited liability company with its principal executive office located at 8010 Stage

Hills Boulevard, Bartlett, Shelby County, Tennessee 38133-4032, and was Plaintiff's "employer"

as that term is defined under the Kentucky's and Hours Act, Americans with Disabilities Act,

and the Kentucky Civil Rights Act. In the alternative, Cambridge was Plaintiff's joint employer

with Defendant Nashville Quality, LLC at relevant times mentioned herein. Cambridge currently

owns and operates 120 Burger King restaurants. Cambridge can be served process through its

registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street,

Wilmington, Delaware 19801.

4.      Defendant Nashville Quality LLC ("Nashville Quality" or "Defendant") is a

Delaware limited liability company with its principal executive office located at 8010 Stage Hills

Boulevard, Bartlett, Shelby County, Tennessee 38133, and was Plaintiff's "employer" as that

term is defined under the Kentucky Wages and Hours Act, the Americans with Disabilities Act,

and the Kentucky Civil Rights Act. In the alternative, Nashville Quality was Plaintiff's joint

2

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000002 of 000010

employer with Defendant Cambridge at relevant times mentioned herein. Nashville Quality's authority to transact business in the Commonwealth of Kentucky was revoked by the Kentucky Secretary of State on or about October 16, 2018. Nashville can be served process through its registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

5.      Cambridge owns and operates and/or did own and operate a Burger King restaurant located at 9512 Preston Highway, Louisville, Jefferson County, Kentucky 40229, known as Burger King Store #22793 (hereinafter, "Burger King") during the term of McCoy's employment at Burger King.

6.      Nashville Quality owns and operates and/or did own and operate a Burger King restaurant located at 9512 Preston Highway, Louisville, Jefferson County, Kentucky 40229, known as Burger King Store #22793 (hereinafter, "Burger King") during the term of McCoy's employment at Burger King.

7.      McCoy was employed by Cambridge and/or Nashville Quality at Burger King.

### Jurisdiction and Venue

8.      This Court has subject matter jurisdiction over this action under the Kentucky Wages and Hours Act, KRS Chapter 337 *et seq*. (hereinafter, the "KWHA") the Kentucky Civil Rights Act, KRS 344, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12202, and KRS 23A.010 in that it presents a justiciable cause, the jurisdiction over which is not exclusively vested in another court.

9.      The Court has personal jurisdiction over each of the Defendants by virtue of the fact that each has been, during all relevant times herein, and/or is regularly conducting business in the Commonwealth of Kentucky.

3

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000003 of 000010

10.    Venue is proper in Jefferson Circuit Court, pursuant to KRS 452.450 because the events that give rise to the causes of action in Plaintiff's Verified Complaint occurred in Jefferson County, Kentucky, and Defendants own and operate the Burger King in Jefferson County, Kentucky. Venue is proper in the Jefferson Circuit Court pursuant to KRS 452.460(1) because, *inter alia*, injury arising from these events was done to the Plaintiff in Jefferson County, Kentucky.

11.    The amount in controversy exceeds the minimum jurisdictional limits of this Court.

### Factual Background

12.    Upon information and belief, Defendants own, operate, and franchise Burger King restaurants.

13.    In 2017 and 2018, Defendants owned and operated the Burger King identified in numerical paragraphs 5 and 6 herein above.

14.    McCoy began working for Defendants on or about May 17, 2017 at Burger King as an assistant manager.

15.    McCoy informed Burger King management that she was required to take medication, with food. This was due to a heart condition McCoy had been diagnosed with previously.

16.    During the course of her employment, McCoy was prevented from taking a break in order to take her medication.

17.    Burger King management specifically denied McCoy breaks while on the clock because, according to Burger King management, McCoy and other persons in her position do not get breaks.

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000004 of 000010

4

18.    On or about July 13, 2018, McCoy made a complaint about not receiving a break so that she could take her medication.

19.    Despite McCoy's repeated requests and complaints, the Defendants refused to give McCoy a break during her shifts and otherwise make an accommodation for McCoy so that she could take her medication with food during her shifts.

20.    On or about July 17, 2018, McCoy was terminated.

21.    The decision to terminate McCoy was retaliation for having made a request for an accommodation under the Americans with Disabilities Act and KRS 344, and opposing unlawful disability discrimination when she complained about being discriminated against due to her medical condition and need for a break that was denied and/or prohibited by Defendants.

22.    The decision to terminate McCoy was retaliation for having complained about being forced to work without a statutorily mandated break for every four hours worked.

23.    McCoy has been damaged by virtue of Defendants' conduct. As a result of the actions described herein above, McCoy has experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. In addition, she has lost wages, benefits, and other compensatory damages.

24.    McCoy is entitled to affirmative action, including for back pay, front pay, lost wages and benefits, and other relief as this Court deems appropriate under the state and federal statutes referred to hereinabove.

25.    McCoy exhausted her federal administrative remedies and timely filed this action.

### COUNT I
(Violation of Kentucky Wages and Hours Act - KRS 337)

26.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in numerical paragraphs 1 – 25 above hereof.

5

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000005 of 000010

27.     At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of KRS 337.010(1)(e).

28.     At all times relevant to this action Defendants employed Plaintiff within the meaning of KRS 337.010(1)(d).

29.     The Defendants violated the Kentucky Wages and Hours Act, specifically KRS 337.365, by requiring Plaintiff to work without a rest period of at least ten (10) minutes during each four (4) hours worked.

30.     As a result of the violations of the Kentucky Wages and Hours Act as set forth herein, the Defendants are liable to Plaintiff for her compensatory damages, statutory damages, costs, and attorney fees.

### COUNT II
(Retaliation for Engaging in Activity Protected by KRS 337)

31.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in numerical paragraphs 1 – 30 above hereof.

32.     Defendants unlawfully discriminated against Plaintiff pursuant to KRS 337.990 when they terminated her after she complained about being forced to work without a statutorily mandated break for every four hours worked.

33.     Defendants termination of Plaintiff was contrary to fundamental and well-defined public policy as evidenced by KRS 337.

34.     As a result of Defendants actions, Plaintiff is entitled to relief pursuant to KRS 446.070 for the damages she has sustained by reason of the Defendants' violation of KRS 337.

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000006 of 000010

### COUNT III
(Failure to Accommodate – 42 U.S.C. § 12112 and KRS 344)

35.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in numerical paragraphs 1 – 34 above hereof.

36.     McCoy is an individual with a disability as that term is defined by the Americans with Disabilities Act, 42 U.S.C. § 12102(1) and KRS 344, and the Defendants knew or had reason to know of her disability.

37.     McCoy was a qualified individual as defined by 42 U.S.C. § 12111(8) and KRS 344.

38.     The Defendants' actions, set forth above, constitute an unlawful failure to reasonably accommodate McCoy's disability in violation of the Americans with Disabilities Act and KRS 344.

39.     As a result of the Defendants' actions, McCoy has suffered damages recoverable under both the Americans with Disabilities Act and KRS 344.

### COUNT IV
(Retaliation – 42 U.S.C. § 12203 and KRS 344)

40.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in numerical paragraphs 1 – 39 above hereof.

41.     Plaintiff engaged in protected activity by requesting an accommodation under the Americans with Disabilities Act and KRS 344 and opposing unlawful disability discrimination when she complained about being discriminated against due to her medical condition and need for a break that was denied and/or prohibited by Defendants.

42.     Plaintiff was terminated by Defendants because she engaged in activity protected under the Americans with Disabilities Act and KRS 344.

7

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000007 of 000010

43.    A reasonable employee in the Plaintiff's position would have found the Defendants' actions materially adverse.

44.    There exists a causal connection between the Defendants' materially adverse actions toward Plaintiff and the protected activity in which she engaged.

45.    Defendants engaged in retaliation in violation of 42 U.S.C. § 12203 and KRS 344.

46.    As a result of Defendants actions, Plaintiff has suffered emotional pain and compensatory damages as described herein.

47.    Plaintiff is entitled to affirmative action, including compensation for lost wages and benefits, and other relief as this Court deems appropriate under 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(g), and KRS 344.450.

### COUNT V
(Punitive Damages)

48.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in numerical paragraphs 1 – 47 above hereof.

49.    Defendants, by their actions described herein above, have acted towards Plaintiff in an unfair, malicious, wanton, and/or oppressive manner within the meaning of KRS 411.184, thus warranting the imposition of punitive damages against them in an amount to be determined by the trier of fact as sufficient to deter and punish such conduct.

WHEREFORE, Plaintiff, Mary J. McCoy, respectfully requests the following relief from the Court:

A.    A Judgment against the Defendants on all claims asserted herein;

B.    Compensatory damages;

C.    Punitive damages;

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000008 of 000010

D.      All statutory remedies provided by the American's with Disabilities Act, KRS

344, and KRS 337;

E.      An award of statutory attorney fees, costs, and expenses;

F.      Statutory interest on all damage awards, verdicts, or judgments;

G.      Any and all other legal or equitable relief to which Plaintiff may otherwise be

entitled; and

H.      **TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

/s/ Michael A. Valenti
Michael A. Valenti
Lee S. Archer
VALENTI HANLEY PLLC
One Riverfront Plaza, Suite 1950
401 W. Main Street
Louisville, KY 40202
TEL:  (502) 568-2100
FAX:  (502) 568-2101
mvalenti@vhrlaw.com
larcher@vhrlaw.com
***Counsel for Plaintiff, Mary J. McCoy***

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630163)

COM : 000009 of 000010

## VERIFICATION

I, Mary J. McCoy, Plaintiff in the above-referenced Action, verify that the facts alleged in the foregoing Verified Complaint are true and accurate to the best of my information, knowledge, and belief as of the date hereof.

_____
Mary J. McCoy

COMMONWEALTH OF KENTUCKY      )
                             ) SS
COUNTY OF JEFFERSON           )

Subscribed and sworn to me by Mary J. McCoy, on this __8th__ day of November, 2018.

_____
Notary Public, Kentucky

__10/6/2021_____
Commission Expires

10

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000010 of 000010