UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00856-GNS

MARY J. MCCOY                                                                                           PLAINTIFF

v.

CAMBRIDGE FRANCHISE HOLDINGS, LLC;
and NASHVILLE QUALITY, LLC                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Compel Arbitration and Dismiss or, Alternatively, to Stay Action Pending Arbitration (DN 10). The motion is ripe for adjudication. For the reasons provided below, the motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff Mary J. McCoy ("Plaintiff") originally filed this action in Jefferson Circuit Court alleging Defendants Cambridge Franchise Holdings, LLC and Nashville Quality, LLC (collectively "Defendants") violated Kentucky and federal law with respect to their employment practices at the Burger King restaurant where she formerly worked. (Comp. ¶ 1, DN 1-1). In the present motion, Defendants move to either dismiss this action or to stay its resolution pending arbitration based on an arbitration agreement ("Agreement") which Defendants contend Plaintiff signed electronically. (Defs.' Mot. Compel Arbitration 1, DN 10; Defs.' Mem. Supp. Mot. Compel Arbitration 1, DN 11 [hereinafter Defs.' Mem.]). The Agreement provides, in relevant part:

> Any controversy, dispute or claim arising out of or relating to your employment with the Company, any employment agreement or contract between you and the conditions and terms of your employment with the Company, the termination of your employment with the Company, all events related thereto, this Agreement, and any other controversy, dispute or claim between you and the Company, its parent entities, subsidiaries and affiliates (and its and their current and former members, partners, officers, directors, employees and agents, whether acting in their individual capacity or their capacity on behalf of the Company or its parent

> entities, subsidiaries and affiliates), shall be settled by final and binding arbitration administered by the American Arbitration Association . . . in accordance with its Employment Arbitration Rules and Mediation Procedures . . . that are in effect at the time the mediation commences.

(Defs.' Mem. Supp. Mot. Compel Arbitration Ex. A, at 1, DN 11-1 [hereinafter Arbitration Agreement]). Defendants contend "Plaintiff's agreement and assent to this document is demonstrated on the bottom of each page, where it reads that the document was 'Digitally signed by Mary McCoy on 6/18/2018 2:11PM.'" (Def.'s Mem. 2).

In support of her response, Plaintiff submits her affidavit asserting that, "never, at any time during [her] employment with the Defendants, [did she] sign[]—electronically, digitally, or otherwise—any arbitration agreement . . . ." (Pl.'s Resp. Defs.' Mot. Compel Arbitration Ex. A. ¶ 3, DN 15-1). Defendants contend this allegation is immaterial, however, "because arbitration agreements need not even be signed to be enforceable." (Defs.' Reply Mot. Compel Arbitration 3, DN 16).

## II.   JURISDICTION

This Court has jurisdiction based on federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.   STANDARD OF REVIEW

In ruling on a motion to compel arbitration, courts apply the summary judgment standard in Fed. R. Civ. P. 56(c). *See Arnold v. Rent-a-Center, Inc.*, No. 11-18-JBC, 2011 WL 1810145, at *2 (E.D. Ky. May 12, 2011) ("This court will treat the motion to compel arbitration as one for summary judgment . . . ."); *Weddle Enters., Inc. v. Treviicos-Soletanche, J.V.*, No. 1:14CV-00061-JHM, 2014 WL 5242904, at *2 (W.D. Ky. Oct. 15, 2014) ("A motion to dismiss based on the existence of a valid arbitration agreement is not evaluated under the usual Fed. R. Civ. P. 12(b)(6) standard. Instead, courts apply the standard applicable to motions for summary judgment." (citations omitted)). "In order to show that the validity of the agreement is in issue, the party

opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate, a showing that mirrors the summary judgment standard." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (internal quotation marks omitted).

## IV. DISCUSSION

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, a written agreement to arbitrate involving a dispute arising out of a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (quoting 9 U.S.C. § 2).

> When considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Id*. (citing *Compuserve, Inc. v. Vigny Int'l Fin., Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)). Generally, any doubts regarding arbitrability are to be resolved in favor of arbitration. *See Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citation omitted); *see also Southland Corp. v. Keating*, 465 U.S. 1, 10-11 (1984) (holding that the FAA preempts state law regarding arbitration).

### A. Agreement to Arbitrate

The Court must first determine whether the parties agreed to arbitrate this controversy. Plaintiff contends that this factor is not met because she purportedly never agreed—in any manner—to the terms articulated in the Arbitration Agreement, or any arbitration agreement. (Pl.'s Resp. 2-3). She contends Defendants have failed to offer evidence sufficient to demonstrate *prima facie* evidence of the existence of an agreement to arbitrate. (Pl.'s Resp. 5-6).

3

"Because arbitration agreements are fundamentally contracts, [courts] review the enforceability of an arbitration agreement according to the applicable state law of contract formation." *Seawright*, 507 F.3d at 972 (citation omitted). As in all jurisdictions, a contract is only enforceable in Kentucky if both parties agree to be bound by it. *See, e.g.*, *David Roth's Sons, Inc. v. Wright & Taylor, Inc.*, 343 S.W.2d 389, 391 (Ky. 1961). Federal courts applying Kentucky law have concluded an arbitration agreement is enforceable even though the employee signed the agreement electronically. *See Seeds v. Sterling Jewelers, Inc.*, No. 3:17-CV-718-CHB, 2018 WL 5892368, at *4 (W.D. Ky. Nov. 9, 2018); *Wilson v. CPB Foods, LLC*, No. 3:18-CV-014-CHB, 2018 WL 6528463, at *3-4 (W.D. Ky. Dec. 12, 2018); *Rodriguez v. Cracker Barrel Old Country Store, Inc.*, No. 2:17-CV-20 (WOB-CJS), 2017 WL 6349173, at *4-5 (E.D. Ky. Dec. 12, 2017); *Braxton v. O'Charley's Restaurant Props., LLC*, 1 F. Supp. 3d 722, 726-28 (W.D. Ky. 2014); *Polly v. Affiliated Comput. Servs., Inc.*, No. 10-135-ART, 2011 WL 93715, at *2-3 (W.D. Ky. Jan. 11, 2011).

The Court rejects Plaintiff's contention that Defendants have not satisfied their burden of demonstrating a *prima facie* case that the Arbitration Agreement exists. Defendants have explained in detail the process by which Plaintiff signed the Arbitration Agreement electronically, including that only Plaintiff could access the document through the use of her personal identification number ("PIN") only known to Plaintiff, and that Plaintiff was at work when the Arbitration Agreement was signed electronically. The Arbitration Agreement provided by Defendants as an exhibit to their motion reflects Plaintiff digitally signed it on June 18, 2018, indicating she was at least aware of it at that time. (Arbitration Agreement 1). Furthermore, Defendants have attached to their reply an affidavit from Tammy Owens ("Owens"), Vice President of Human Resources for Defendant Cambridge Franchise Holdings, LLC. (Def.'s Reply

Mot. Compel Arbitration Ex. A, ¶ 1, DN 16-1 [hereinafter Owens Aff.]). Owens has stated that she sent an email to all affected Burger King stores advising that the Arbitration Agreement would be uploaded to the company's human resources portal, that it was required, and that employees would have until June 22, 2018, to review and sign the documents. (Owens Aff. ¶ 3). Owens further attests that a notification indicating that Plaintiff uploaded this document and signed it electronically, was sent to an email address associated with Plaintiff in February 2018. (Owens Aff. ¶ 7).

Relying on this Court's decision *Braxton v. O'Charley's Restaurant Properties, LLC*, Plaintiff contends that Defendants have not offered nearly enough proof to support the validity of Arbitration Agreement. (Pl.'s Resp. 6). This argument fails, however, because "[a] party meets the prima facie burden of establishing an arbitration agreement by providing copies of a written and signed agreement to arbitrate." *Arnold*, 2016 WL 502061, at *3 (citation omitted). Defendants have done that here by attaching the digitally signed agreement in support of their motion. (Arbitration Agreement 1).

Having established a prima facie case of the existence of the Arbitration Agreement, the burden shifts to Plaintiff to raise a genuine factual dispute regarding its validity. *See Arnold*, 2016 WL 502061, at *3 (citation omitted). Plaintiff's argument that the Arbitration Agreement is unenforceable because she denies signing it must be rejected. The FAA was enacted in response to common law hostilities toward arbitration in many courts' decisions refusing to enforce arbitration agreements. *Braxton*, 1 F. Supp. 3d at 725. The U.S. Supreme Court has noted that the FAA reflects "a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008) (citation omitted).

In this case, there is sufficient evidence establishing that Plaintiff electronically signed the Arbitration Agreement by logging into her account and using a PIN only known to her.[1] Thus, this factor is satisfied.

B.  **Scope of Agreement to Arbitrate**

The second consideration is the scope of the arbitration agreement. "District courts have the authority to decide, as a threshold matter, whether an issue is within the scope of an arbitration agreement." *Fazio*, 340 F.3d at 395 (citing *Stout*, 228 F.3d at 714). Plaintiff does not contest that the Arbitration Agreement provided by Defendants would cover this dispute, which satisfies the second factor.

---

[1] Even if the Court were to accept Plaintiff's contention that she never signed the Arbitration Agreement, this dispute is still arbitrable. Contracting parties typically manifest their agreement through their signature, but "Kentucky courts will also enforce unsigned arbitration agreements where the parties have indicated acceptance of the contract through their actions." *Polly*, 2011 WL 93715, at *2 (citing *Sweeney v. Theobald*, 128 S.W.3d 498, 501 (Ky. App. 2004)). As this Court has noted, "[w]ritten arbitration agreements need not be signed in order to be valid and enforceable." *Aldrich v. Univ. of Phoenix, Inc.*, No. 4:15-CV-00578-JHM, 2016 WL 915287, at *8 (W.D. Ky. Mar. 4, 2016) (citing *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 978 (6th Cir. 2007)). Plaintiff admits that her employment with Defendants did not end until July 17, 2018, a few days after Plaintiff complained about not receiving a break so that she could take her medication. (Compl. ¶¶ 18, 20). Under the standard set forth above, "a party can be bound to a contract, even in the absence of a signature, when her actions indicate acceptance of the contract's terms," specifically through accepting employment or continuing employment. *See Braxton*, 1 F. Supp. 3d at 728. Therefore, Plaintiff's continued employment after being notified of the requirement that she sign the Arbitration Agreement indicates her acquiescence to be bound by the terms of the Arbitration Agreement. (Owens Aff. ¶ 3). Plaintiff appears to have accepted the Arbitration Agreement through her conduct—namely, her continued employment with Defendants. *See Braxton*, 1 F. Supp. 3d at 728. Defendants have produced sufficient evidence that Plaintiff was informed of the arbitration agreement, given the opportunity to review it, and informed that she was required to login to the human resources portal and acknowledge receipt of it. (Owens Aff. ¶¶ 3-9). This is enough to conclude she assented to its terms through continuing her employment with Defendants. *See Braxton*, 1 F. Supp. 3d at 728 (concluding O'Charley's restaurant employees were subject to arbitration agreement, although they denied ever signing it, because of their continued employment with the restaurant).

### C. Congress' Intent for Claims to Be Arbitrable

The Court also concludes that the third factor mandates the enforcement of the Arbitration Agreement. "The burden of establishing that Congress intended to preclude arbitration for a statutory claim rests with the party seeking to avoid arbitration." *Browne v. Kline Tysons Imports, Inc.*, 190 F. Supp. 2d 827, 830 (E.D. Va. 2002) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)). In the present case, Plaintiff cannot meet her burden because the U.S. Supreme Court has held that arbitration provisions in employment agreements fall within the FAA. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-14 (2001).

### D. Bifurcation

The final factor requires the Court to consider whether any of the claims should be bifurcated. Because the claims asserted in the Complaint all fall within the scope of the Arbitration Agreement, it is unnecessary to bifurcate any claims in this action. For these reasons, the Arbitration Agreement is enforceable under the FAA.

### V. CONCLUSION

For the reasons provided above, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and Dismiss or, Alternatively, to Stay Action Pending Arbitration (DN 10) is **GRANTED**. In lieu of staying this proceeding, the case is **DISMISSED WITHOUT PREJUDICE** subject to the parties' right to move to re-open this case for entry of an arbitration award or for any other relief to which the parties may be entitled.

This is a final and appealable order.

Greg N. Stivers, Chief Judge
United States District Court

cc: counsel of record

September 10, 2019